IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WOODMEN OF THE WORLD LIFE                                   PLAINTIFF
INSURANCE SOCIETY

VS.                                            CIVIL NO. 3:21-CV-322 HTW-LGI

TERRI MAYO, GRANT MAYO, MELISSA
HAMRICK, CARRIE MURPHY; and
MELISSA HAMRICK AND CARRIE
MURPHY AS  CO-CONSERVATORS/CO-
GUARDIANS OF THE PERSON OF
BETTY MOWDY                                                 DEFENDANTS

## ORDER ON DEFENDANT'S MOTION TO DISMISS

Before this court is the motion [doc. no. 14] of the Defendants Terri Mayo and Grant

Mayo, by their attorney of record, for an order dismissing this case pursuant to Fed. R .Civ. P.

12(b)(1) and 12(b)(6).[1] The other Defendants in this cause do not join in this motion. The

Plaintiff, Woodmen of the World Life Insurance Society (hereafter "WoodmenLife"), opposes

the motion.

---

[1] b) **How to Present Defenses.** Every defense to a claim for relief in any pleading must be asserted in the responsive
pleading if one is required. But a party may assert the following defenses by motion:
*(1) lack of subject matter jurisdiction;*
(2) lack of personal jurisdiction;
(3) improper venue;
(4) insufficient process;
(5) insufficient service of process.
*(6) failure to state a claim upon which relief can be granted; and*
(7) failure to join a party under Rule 19. . . .
Fed. R. Civ. P. 12.

JURISDICTION AND VENUE

WoodmenLife predicates this Court's subject matter jurisdiction upon 28 U.S.C. § 1332(a)[2] "because there is complete diversity of citizenship[3] between WoodmenLife and Defendants, and the amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs." *Complaint* [doc. no. 1]. (This cause of action is brought under the Federal Arbitration Act ("FAA"),[4] 9 U.S.C. § 1 *et. seq.;* however, the FAA does not, itself bestow jurisdiction, but requires an independent jurisdictional basis over the parties' dispute, such as diversity jurisdiction). *Vaden v. Discover Bank*, 566 U.S. 49, 59 (2009)). Venue is proper in this district since at least one defendant resides within the Southern District of Mississippi. See 28 U.S.C. 1391(b).[5]

FACTUAL AND PROCEDURAL BACKGROUND

The movants herein, Terri Mayo and Grant Mayo, a married couple, are the named primary and alternate beneficiary, respectively, on three benefits certificates which had been owned by Terri Mayo's father, Donald Mowdy.  After Terri Mayo's father died on October 19,

---

[2] **Diversity of citizenship; amount in controversy; costs**
    (a)  The district courts shall have original jurisdiction of all civil actions where the matter in controversy
        exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
           (1)  citizens of different States; . . .
28 U.S.C. § 1332 .
[3] WoodmenLife is a corporate citizen of the State of Nebraska, and all Defendants are citizens of the State of Mississippi.
[4] The Federal Arbitration Act(FAA) provides at §2:
A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract or as otherwise provided in chapter 4.
9 U.S.C. § 2.
[5] 1391(b) provides in pertinent part:
A civil action may be brought in—
(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; . . .
28 U.S.C. § 1391(b)

2020, she submitted claim forms to WoodmenLife for the proceeds of all three certificates. Other relatives of the decedent, Defendants herein, namely Melissa Hamrick, Carrie Murphy, and the Conservators of the Person of Betty Mowdy, also claim rights to the Certificates, valued at approximately $171,000.  They accuse Terri Mayo of obtaining a change in the designation of beneficiaries by undue influence.

WoodmenLife filed this lawsuit to enforce the arbitration agreement contained in its constitution and laws.  WoodmenLife contends that under Mississippi law, [6] Donald Mowdy, was bound by that same arbitration agreement by virtue of his application for membership with WoodmenLife.

The arbitration clause at issue here is found in WoodmenLife's constitution and laws.  It applies when "money or a benefit is payable, but because two or more parties have submitted conflicting claims for the money or benefit payment, WoodmenLife is unable to determine to whom such benefit shall be paid." [doc. no. 1-5 pp. 16].

When a dispute arose as to the rightful beneficiaries, WoodmenLife initiated arbitration proceedings, but the Defendants herein, did not participate. The Defendants other than Terri Mayo, instead filed an action in the Chancery Court of Leake County, Mississippi, alleging that Terri Mayo, the decedent's daughter, had exercised undue influence over the decedent to have the primary beneficiaries on the certificates changed.  These Defendants (plaintiffs in the Leake

---

[6] Miss. Code Ann. § 83-29-13. **Agreements between society and member.**
The certificate, the charter or articles of incorporation or, if a voluntary association, the articles of association, constitution and laws of the society, and the application for membership signed by the applicant, and all amendments to each thereof shall constitute the agreement between the society and the member. . . Any changes, additions, or amendments . . . duly made or enacted subsequent to the issuance of the benefit certificate shall bind the member **and his beneficiaries**, and shall govern and control the agreement in all respects the same as though such changes, additions, or amendments had been made prior to and were in force at the time of the application for membership.
Miss. Code Ann. § 83-29-13 (emphasis added).

County action) alleged that they were the rightful beneficiaries.  WoodmenLife is not a party to that Chancery Court litigation, but Defendants herein asked WoodmenLife to interplead the funds it admittedly owes into the Chancery Court of Leake County, Mississippi.

WoodmenLife filed this federal court action to enforce the arbitration clause pursuant to 9 U.S.C. §4, and for Declaratory and Injunctive Relief, as well as an award of its costs and expenses, including reasonable attorneys' fees. The Defendants filed this motion to dismiss, alleging that WoodmenLife is a mere "stakeholder" with regard to the outcome of their dispute, and has no cognizable pecuniary interest in the beneficiary dispute and, thus, no standing to bring this lawsuit.

## LEGAL STANDARDS

**Rule 12(b)(1):**  A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Assn. of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir.1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* A pleading stating a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a)(1); *Celestine v. TransWood, Inc.,* 467 F. App'x 317, 318 (5th Cir. 2012)*.* See *New Orleans & Gulf Coast Ry. Co. v. Barrois,* 533 F.3d 321, 327 (5th Cir. 2008).

**Rule 12(b)(6):**  When  considering a motion to dismiss under Rule 12(b)(6), the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To proceed, the complaint "must contain a

short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 677-78. Plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

DISCUSSION

Defendants' first argument is that WoodmenLife lacks standing to compel defendants into arbitration through this action. Article III of the United States Constitution limits the jurisdiction of federal courts to actual "cases" and "controversies." U.S. CONST., art. III, § 2. [7] See e.g., *Crane v. Johnson*, 783 F.3d 244, 251 (5th Cir. 2015). To establish standing under Article III, it is well-established that a plaintiff must show three things. First, there must be an "injury in fact" that is both "concrete and particularized," as well as "actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Secondly, "there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly ... trace[able] to the challenged action of the defendant." *Id.* Thirdly, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 561.

According to the Defendants, "Plaintiff [WoodmenLife] has not suffered a concrete particularized actual injury in fact as a result of Defendants' disputes being decided in Chancery

---

[7] **Section 2.** The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;--to all Cases affecting Ambassadors, other public Ministers and Consuls;--to all Cases of admiralty and maritime Jurisdiction;--to Controversies to which the United States shall be a Party;--to Controversies between two or more States;--between a State and Citizens of another State;--between Citizens of different States;--between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects. U.S. Const. art. III, § 2, cl. 1

Court and, accordingly, this "dispute" as pled, cannot be the controversy upon which federal jurisdiction is based in this court as a matter of law." *Defendants' Memorandum Brief* [doc. no. 15 p. 8]. The dispute that exists, say Defendants, is entirely between the decedent's family members who are litigating the claims of undue influence in Leake County Chancery Court, and there is no substantive dispute between WoodmenLife and any Defendant.

Plaintiff WoodmenLife says it possesses a contractual right to compel arbitration among disputing potential beneficiaries; thus, the Defendant's refusal to arbitrate, by itself, confers standing upon WoodmenLife. While the movants claim they have no dispute with WoodmenLife and that no Defendant has sought to enforce the Certificates, this is not true. Terri Mayo submitted beneficiary claim forms for all three Certificates and Carrie Murphy sent at least two letters to WoodmenLife disputing the validity of Terri Mayo's claim and accusing Terri Mayo of undue influence and more.

WoodmenLife argues that as the violation of any contractual right gives the victim standing to sue, so, too, does a party's violation of another's contractual right to arbitrate. WoodmenLife has cited extensive legal authority for its position that refusal to arbitrate in the face of a requirement to arbitrate creates a concrete injury. See *ACE American Ins. Co v. Huntsman Corp.,* 255 F.R.D. 179, 212-213 (S.D. Texas 2008) (opining the plaintiffs' "have alleged a concrete injury--that they are being deprived of their contractual right to arbitrate--and that this injury is caused by [the defendants'] refusal to arbitrate under the Reinsurance Certificates' dispute-resolution provisions.") See also *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare,* 781 F.3d 182, 193 n.39 (5th Cir. 2015) (quoting *Katz v. Pershing,* LLC, 672 F.3d 64, 72 (1st Cir. 2012) ("[w]e think the better view is that when a plaintiff generally alleges

the existence of a contract, express or implied, and a concomitant breach of that contract, her pleading adequately shows an injury to [plaintiff's]rights.")).

This court concludes that the first two requirements for standing are met by the Plaintiff. A concrete, particularized injury is shown and a causal connection between the injury and the action of which Plaintiff complains (failure to arbitrate) is established.

The third element of standing, redressability, is also met. This court can grant to WoodmenLife the relief requested by compelling the Defendants to arbitrate their dispute.  See, e.g., *CitiFinancial, F/K/A Comm. Credit Corp., et al. v. Loubertha Murray,* 340 F. Supp. 2d 743, 749 (S.D. Miss. 2004) (granting motion to compel arbitration); *Miss. Ins. Managers v. Providence Wash. Ins. Co*., 72 F. Supp. 2d 689, 695 (S.D. Miss. 1999); *Miss. Ins. Managers v. Providence Wash. Ins. Co*., 72 F. Supp. 2d 689, 695 (S.D. Miss. 1999). This court determines that WoodmenLife has standing to litigate this matter in this federal court.

The Defendants also assert that this matter is not yet ripe for review.  This court disagrees.  The arbitration issue and the request for declaratory judgment are both ripe.  As stated in *Lower Colorado River Authority v. Papalote Creek II, L.L.C.,* if the threat of litigation is specific and concrete it can establish a controversy upon which declaratory judgment can be based." *Id*., 858 F.3d 916, 924 (5th Cir. 2017).  Although WoodmenLife is not currently a party to the litigation in Leake County Chancery Court, the pleadings of the parties indicate that Chancery Court is being asked to decide to whom WoodmenLife must pay the proceeds of the Certificates.  Additionally, WoodmenLife says counsel for at least one Defendant has made a specific threat to join WoodmenLife to the Chancery Court litigation. The threat of litigation is specific and concrete,  See *Regions Ins., Inc. v. Ace Prop. & Cas. Ins. Co.,* 80 F. Supp. 3d 730, 734 (M.D. La. 2015). Therefore, this matter is ripe for litigation.

The Defendant next argues that the $75,000 jurisdictional amount (exclusive of interest and costs) required for diversity jurisdiction in this court, is not met. This argument is without merit. The $171,918.64 value of the Certificates is stated on the face of Plaintiff's Complaint as the amount in controversy. The amount in controversy need not be owned by the Plaintiff. As stated in *Hussain v. Boston Old Colony Ins. Co*., 311 F.3d 623, 635 n.46 (5th Cir. 2002), the value of the stake itself can serve as the amount in controversy for the purposes of diversity of citizenship jurisdiction. The jurisdictional amount is met in this case and diversity of citizenship jurisdiction is present.

CONCLUSION

The Defendant's Motion to Dismiss **[doc. no. 14] is denied.** Also pending before this court are a motion **[doc. no. 26]** by Plaintiff for leave to file a sur-reply and Defendants' motion **[doc. no. 28]** to strike Plaintiffs proposed sur-reply. Both motions are also **denied.**

SO ORDERED AND ADJUDGED, this  25th  day of March, 2022.

s/ HENRY T. WINGATE
UNITED STATES DISTRICT COURT JUDGE